**Velma M. STATE, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 03–5287.

United States Court of Appeals, Sixth Circuit.

Oct. 23, 2003.

Before NELSON, CLAY, and COOK, Circuit Judges.

*ORDER*

This is a direct appeal from a district court's judgment for the defendant in this civil medical malpractice case filed under the Federal Tort Claims Act, 28 U.S.C. § 2674(a) ("FTCA"). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Velma M. State filed a medical malpractice complaint against Dr. Angela Bell, a physician at the Ireland Army Community Hospital, Fort Knox, Kentucky. The United States was thereafter substituted as the party defendant under

the FTCA and the case proceeded to trial. The district court found for the defendant in all respects following a two-day bench trial and this appeal followed.

The pro se appellate brief submitted by State challenges the credibility decisions and the findings of fact made by the district court following the bench trial. This court must review the facts presented at trial in the light most favorable to the appellee, *Sawyer v. Arum*, 690 F.2d 590, 591–92 (6th Cir.1982), and will not disturb findings of fact reached by a district court sitting without a jury unless the findings are clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–75, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). State has the burden to prove the existence of such a mistake. *Godley v. Ky. Res. Corp.*, 640 F.2d 831, 834 (6th Cir.1981). She cannot satisfy her burden merely by showing that there is conflicting evidence, *Walling v. Gen. Indus. Corp.*, 330 U.S. 545, 549, 67 S.Ct. 883, 91 L.Ed. 1088 (1947), or by asserting that some witnesses were inherently more or less credible than adjudged by the district court. *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1232 (6th Cir.1996) (citing *Anderson*, 470 U.S. at 573–74). If there are two plausible ways to view the evidence presented, the district court's choice cannot be clearly erroneous. *United States v. Yellow Cab Co.*, 338 U.S. 338, 342, 70 S.Ct. 177, 94 L.Ed. 150 (1949). A review of the record and law using this exacting standard shows that there is ample support for the district court's decision on appeal.

State had a hysterectomy performed on her by Dr. Angela Bell at the Ireland Army Community Hospital, Fort Knox, Kentucky, on October 1, 1998. On December 3, 1998, another physician performed surgery on State to repair a vesicovaginal fistula (an abnormal channel between a woman's bladder and her vagina) that had developed following the hysterectomy. State's lawsuit against Dr. Bell, and her successor the United States of America, was based on her claims that Dr. Bell negligently performed the hysterectomy, prescribed an improper course of treatment following the hysterectomy, and breached another standard of care when she failed to suspect, or test for, State's vesicovaginal fistula three weeks after the hysterectomy.

The parties engaged in a course of responsive pleading, including the taking of expert medical opinion depositions, and the matter proceeded to trial before the district court. The evidence adduced, viewed in the light most favorable to the appellee, *Sawyer*, 690 F.2d at 591–92, demonstrated the following: Ms. State had experienced years of problems and trauma associated with her vaginal / urinary functions prior to 1998. Most notable among these were her two caesarian sections, the result of which caused scarring of her bladder and uterus and a loss of blood to areas of her bladder. State finally approached Dr. Bell and requested a hysterectomy. Dr. Bell performed the hysterectomy on October 1, 1998. This date also marked the first of many incidents of State explicitly sabotaging her course of treatment when she vomited during and after surgery after deliberately ignoring instructions not to eat prior to her surgery. State experienced a series of post-operation episodes of blood appearing in her urine and, resultantly, she had a catheter inserted and removed several times prior to her discharge from the hospital on October 4, 1998. A nurse had previously showed State how to insert the catheter herself after State insisted that, if discharged with the catheter still in place, she would remove it once she arrived at her home regardless of instruction to the contrary.

In the weeks following her discharge from Ireland Hospital, State was treated several times for urinary and kidney irregularities at Ireland, a clinic, and Harden Memorial Hospital. State was later diagnosed with, and treated for, a kidney infection at Ireland Hospital by Dr. Bell on October 22, 1998. Dr. Bell consulted with another physician and ordered a series of tests to find, among other conditions, a fistula. The tests were negative, State refused to follow the course of treatment, and she was discharged.

On November 5, 1998, State returned to Ireland Hospital complaining, for the first time, of incontinence. Dr. Bell administered a test and determined that State had developed a vesicovaginal fistula. Dr. Bell made an immediate appointment with a urologist at Ireland Hospital for State and she instructed State to proceed to the urology department with her medical file. State, however, left the hospital and absconded with her medical file. State did not seek treatment for the fistula until November 12, 1998, and she received a successful surgical repair of the fistula at the hands of another physician on December 3, 1998.

The parties offered differing expert medical opinions as to the care received by State at the hands of Dr. Bell and Ireland Hospital. Plaintiff's expert Dr. Litt criticized the decision to perform the hysterectomy, virtually every aspect of her postoperative treatment, and attributed the development of the vesicovaginal fistula to Dr. Bell's course of treatment. Defense experts, notably Drs. Karram and Garely, are well versed in the fields of urology and vesicovaginal fistulas and contradicted this testimony on every point and testified repeatedly that Bell's treatment was within recognized standards of care.

It was against this background that the district court found that State was an entirely uncooperative patient and an inherently incredible witness. The court also clearly found the qualifications and testimony of Drs. Karram and Garely more worthy of belief than Dr. Litt in virtually every aspect of their differing opinions. The court concluded that State had not carried her burden to show that any aspect of her treatment in this matter fell below the standard of case expected or gynecological surgeons. The excerpts of the testimony, construed in the light favoring the district court's findings, are not clearly erroneous. The court explicitly found the defense witnesses more credible than those offered in support of State's case and the transcript provides support for this choice. With this examination of the record for evidence supporting the decision in this bench trial, this court's work is finished. The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.